1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVE WILHELM,                          Case No.   1:19-cv-00841-JDP

12              Petitioner,                   ORDER TO SHOW CAUSE WHY PETITION
                                              SHOULD NOT BE DISMISSED FOR LACK
13         v.                                 OF JURISDICTION

14   J. A. LIZARRAGA,                         ECF No. 4

15              Respondent.

16

17         Petitioner Steve Wilhelm is a state prisoner proceeding without counsel with a petition for

18   writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  Petitioner filed a first amended

19   petition on June 13, 2019.  ECF No. 4.  The matter is before the court for preliminary review

20   under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to

21   the habeas proceeding must examine the habeas petition and order a response to the petition

22   unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*,

23   918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  To

24   pass screening, the petitioner must allege a violation of "clearly established federal law"—

25   meaning a violation of a U.S. Supreme Court holding.  *See White v. Woodall*, 572 U.S. 415, 419

26   (2014).  At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially

27   defective habeas petitions."  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation

28   omitted).

                                              1

Petitioner states only one claim in his habeas petition: that the trial court imposed an excessive fine, in violation of the Eighth Amendment, when it ordered him to pay restitution. ECF No. 4 at 5. A habeas claim must have a nexus to the petitioner's custody. *See Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010); 28 U.S.C. § 2254(a) (a "court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). This circuit has "repeatedly recognized that the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements." *See Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010); Williamson *v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) ("[T]he imposition of a fine . . . is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement" for habeas relief.).

Here, petitioner does not challenge the validity of his conviction or the duration of his confinement.[1] Because court-ordered restitution does not directly impact the petitioner's liberty, there is no nexus, as required by the plain text of § 2254(a), to his custody. *See Bailey*, 599 F.3d at 981. Therefore, petitioner is ordered to show cause why his petition should not be dismissed for lack of jurisdiction.

**Order**

Within fourteen days of the date of service of this order, we order petitioner to show cause why his petition should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   February 6, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

---

[1] Even if petitioner were to challenge the fact or duration of his confinement in a habeas petition, the petition would likely fail to meet the statute of limitations. Petitioner was convicted of his crimes in 1999 and it does not appear that statutory or equitable tolling are applicable to his case. *See* ECF No. 4.