# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| STEVE WILHELM, | No. 1:19-cv-00841-NONE-JDP |
|---|---|
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION |
| v. | |
| J. A. LIZARRAGA, | (Doc. No. 15) |
| Respondent. | |

Petitioner Steve Wilhelm, a state prisoner proceeding without counsel in this action, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 4.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 10, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for lack of jurisdiction. (Doc. No. 15.) On March 27, 2020, petitioner filed objections to the findings and recommendations. (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis. The pending petition states only one claim for relief: that the state trial court imposed an excessive fine upon petitioner, in violation of the Eighth Amendment, when it ordered him to pay restitution. (Doc. No. 4 at 5.) The findings and

recommendations correctly reason that a petition challenging the imposition of a fine, by itself, is insufficient to trigger § 2254 jurisdiction. (*See* Doc. No. 15 at 2.) Nothing in petitioner's objections undermines this reasoning.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further with this habeas action. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on March 10, 2020 (Doc. No. 15) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 4) is dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **April 2, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE